IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEEANN WEAVER, )
 )
      Plaintiff, )
  -vs- ) Civil Action No. 16-904
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed briefs in support of their motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she has been disabled since March 23, 2012. (ECF No. 5-8, pp. 4, 11). Administrative Law Judge ("ALJ"), Joanna Papazekos, held hearings on June 26, 2014. (ECF No. 5-3). On August 5, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 18-34).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 9 and 13). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Mischaracterization of Evidence

Plaintiff submits that the ALJ erred by mischaracterizing evidence related to Plaintiff's chest pain. (ECF No. 10, pp. 19-22). Plaintiff suggests that it was inappropriate of the ALJ to suggest that Plaintiff's cardiac testing results were "unremarkable." *Id.* at p. 20. To that end, Plaintiff submits that the ALJ mischaracterized the evidence when she concluded that Plaintiff's "chest pain was not attributed to a cardiac condition." *Id.* at p. 21. As a result, Plaintiff argues that reversal/remand is warranted. *Id.* at p. 22. After careful review of the evidence, I disagree.

Contrary to Plaintiff's assertion otherwise, simply because the ALJ states that the records and tests were unremarkable does not mean that the ALJ did not consider them or summarize them. In this case, the ALJ discussed in detail and at length Plaintiff's recurrent chest pain. (ECF No. 5-2, pp. 21-22, 26-28). I find her summarization of the medical records associated with Plaintiff's chest pain to be fair and appropriate. *Id.* At no point does the ALJ misstate the records. *Id.* She goes through the medical records for over a page and a half recounting each time Plaintiff presented with chest pain. Then, the ALJ states:

> The above summary reveals that despite the repeated presentations for chest pain, the claimant's symptoms were only determined to be cardiac in nature on March 23, 2012, when a stent was placed. Since that time, cardiac testing, including physical examinations, D-dimer, lipase, x-rays, lung scans, EKG's, CT scans, Troponin levels, stress tests and cardiac catheterizations have been negative and her chest pain has not been attributed to a cardiac condition. While it was suggested that the claimant's chest pain was secondary to anxiety, depression, panic attacks and/or Takotsubo cardiomyopathy, as summarized below, the claimant has not availed herself to sustained mental health treatment.

(ECF No. 5-2, p. 28). After a careful review of the evidence, I find the ALJ's summarization and conclusion regarding Plaintiff's chest pain to be supported by substantial evidence. *Id.* As a result, remand is not warranted on this basis.

### C. Residual Functional Capacity (RFC")[2]

Plaintiff also asserts that the ALJ failed to account for her chest pain in formulating Plaintiff's RFC. (ECF No. 10, pp. 21-22). In support thereof, Plaintiff suggests that the limitation for light work with a sit/stand option do not adequately account for her chest pain. *Id.*

In this case, the ALJ found Plaintiff had the RFC to perform light work with exceptions, including, *inter alia,* Plaintiff requires a sit/stand option to be exercised every 30 minutes, she cannot travel as part of the job, she requires a stable work environment where the work place and the work process remain generally the same from day to day, she cannot work as a part of a team and she should have no contact with the public except by phone or in writing. (ECF No. 5-2, p. 24). These limitations take into account situations where Plaintiff has presented with chest pain (i.e. while running for a bus, while driving and in stressful situations). (ECF No. 5-2, pp. 26-28). Consequently, I find no merit to Plaintiff's argument that the RFC does not properly account for Plaintiff's chest pain.

An appropriate order shall follow.

---

[2] RFC or residual functional capacity refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEEANN WEAVER,                          )
                                        )
       Plaintiff,                       )
                                        )
  -vs-                                  )       Civil Action No.  16-904
                                        )
NANCY A. BERRYHILL,[3]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
       Defendant.                       )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of June, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. No. 13) is granted.

                                      BY THE COURT:

                                      s/  Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.